UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. CIV-23-630-G |
| | ) |
| **THE SUCCESSORS OF RHONDA** | ) |
| **W. CATHEY, aka RHONDA** | ) |
| **WYNONA CATHEY-WOOD** | ) |
| **(Deceased) et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

## ORDER

Now before the Court is Plaintiff United States of America's Motion for Default Judgment (Doc. No. 23). Plaintiff seeks entry of a default and foreclosure judgment against Defendants Successors of Rhonda W. Cathey, aka Rhonda Wynona Cathey-Wood, Tim Wood, Jr., and Jessica Wood. For the reasons stated below, the Court finds that a default and foreclosure judgment should be entered.

*I.    Background*

Plaintiff initiated this action on July 20, 2023. *See* Compl. (Doc. No. 1). As relevant here, Plaintiff seeks an *in rem* judgment against the Successors of Rhonda W. Cathey, aka Rhonda Wynona Cathey-Wood, Tim Wood, Jr., and Jessica Wood in the sum of $152,506.92 as of July 7, 2023, together with accruing interest at the rate of $7.79 per diem from July 7, 2023, to the date of judgment; foreclosure of its mortgage lien; determination of its first lien priority; and sale of the mortgaged premises pursuant to judgment. *See id.* at 3. Defendants Tim Wood, Jr. and Jessica Wood were timely served. *See* Doc. No. 19.

Defendant Successors of Rhonda W. Cathey, aka Rhonda Wynona Cathey-Wood was served by publication pursuant to this Court's Order and was directed to appear within 80 days of the date of the Court's Order. *See* Doc. No. 18. Defendants Successors of Rhonda W. Cathey, aka Rhonda Wynona Cathey-Wood, Tim Wood, Jr., and Jessica Wood have failed to answer or otherwise defend themselves in this lawsuit, and the Clerk has entered default against them pursuant to Federal Rule of Civil Procedure 55(a). *See* Clerk's Entry of Default (Doc. No. 25). Plaintiff now seeks entry of a default judgment pursuant to Federal Rule of Civil Procedure 55(b) against Defendants Successors of Rhonda W. Cathey, aka Rhonda Wynona Cathey-Wood, Tim Wood, Jr., and Jessica Wood. *See* Pl.'s Mot. Default J. (Doc. No. 23) at 2-4.

    II.    Discussion

        A.    *Procedural Requirements for Entry of Default Judgment*

The record reflects that Defendants have failed to answer or plead, that default was entered by the Clerk, and that Plaintiff's Motion complies with Local Civil Rule 55.1. *See* Clerk's Entry of Default; Doc. No. 22, at 2; Pl.'s Mot. Default J. at 2. Accordingly, Plaintiff has satisfied the procedural requirements for entry of a default judgment. *See* Fed. R. Civ. P. 55(b); LCvR 55.1; *see also Tabb v. Mentor Prot. Serv. LLC*, No. CIV-17-1130-D, 2018 WL 3213622, at *1 (W.D. Okla. June 29, 2018).

        B.    *Plaintiff's Allegations*

The entry of a default judgment "is committed to the sound discretion of the district court." *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016). "Default judgments are generally disfavored in light of the policy that cases should be tried upon their merits

2

whenever reasonably possible. Nonetheless, default judgment is viewed as a reasonable remedy when the adversary process has been halted because of an essentially unresponsive party." *Tabb*, 2018 WL 3213622, at *1 (citing *In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991)).

Because a default has been entered, Plaintiff is "relieved . . . from having to prove the complaint's factual allegations." *Tripodi*, 810 F.3d at 765; *see also United States v. Craighead*, 176 F. App'x 922, 924 (10th Cir. 2006) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." (internal quotation marks omitted)). Even after default, however, "it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment since a party in default does not admit conclusions of law." *Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1274 (D. Kan. 2016) (internal quotation marks omitted).

The Complaint and attached exhibits represent that Rhonda W. Cathey defaulted on a promissory note, including a First Modification of Note, and mortgage on the mortgaged premises,[1] and that the note and mortgage were held by Plaintiff. *See* Compl. ¶ 2; *id*. Exs.

---

[1] The legal description of the mortgaged premises is as follows:

> THE WEST TWO HUNDRED EIGHT-FOUR (284) FEET OF BLOCK THREE (3) IN MCCANN DAVIS & MCCANN SOUTH BROADWAY ADDITION TO OKLAHOMA CITY, OKLAHOMA COUNTY, OKLAHOMA, ACCORDING TO THE RECORDED PLAT THEREOF.
>
> Property address of 8244 South Harvey Avenue, Oklahoma City, Oklahoma 73139.

Compl. ¶ 4.

1-3 (Doc. Nos. 1-1, 1-2, 1-3). Consequently, Plaintiff states that it is entitled to judgment for the amount due on the note, which is:

> Principal..........................................................$142,284.58
>
> Interest as of July 7, 2023....................................$10,222.34
>
> Amount due as of July 7, 2023......................... $152,506.92

plus accruing interest on the principal at the rate of 1.875% per diem from July 7, 2023, to the date of judgment.

Compl. ¶ 2; *id.* Exs. 4, 5 (Doc. Nos. 1-4, 1-5). Plaintiff also represents that it is "entitled to foreclosure of its first mortgage lien and sale of the mortgaged premises in partial satisfaction of the note and debt owing." Compl. ¶ 3.

The Complaint and an attached obituary reflect that Rhonda W. Cathey died on July 18, 2019. Compl. ¶ 5; *id.* Ex. 6 (Doc. No. 1-6). Plaintiff alleges that "[t]he Successors of Rhonda W. Cathey, (Deceased), Tim Wood, Jr., as spouse of the Defendant, Rhonda W. Cathey, and Jessica Wood, alleged daughter, may claim some right, title or interest in the mortgaged premises, but such interests are inferior and subordinate to the prior mortgage lien of [P]laintiff." Compl. ¶ 6. The Court concludes that Plaintiff's well-pleaded factual allegations and the exhibits attached to the Complaint establish the following:

1) Plaintiff held a promissory note secured by a mortgage on the mortgaged premises;

2) Rhonda W. Cathey was the debtor on the note;

3) Ms. Cathey defaulted on the note;

4) Ms. Cathey is now deceased;

5) Plaintiff is now entitled to judgment for the amount due on the note plus interest;

6) Plaintiff's mortgage is a valid first mortgage lien on the mortgaged premises; and

7) Plaintiff is entitled to foreclosure of its first mortgage lien and sale of the mortgaged premises in partial satisfaction of the note and debt owing.

C.     *Relief Requested*

Plaintiff now requests that the Court enter a default and foreclosure judgment in this action declaring that: (1) Plaintiff's note and mortgage are in default and the mortgaged premises should be foreclosed; (2) Plaintiff is entitled to the amount due and owing on the promissory note and mortgage plus accruing interest on the principal at the rate of 1.875% *per diem* from July 7, 2023, to the date of judgment; (3) Plaintiff has a valid first lien on the subject real property; and (4) a special execution and order of sale shall issue directing the United States Marshal to levy upon, advertise, and sell the real property described above with appraisement, free of any right, title, or interest of all defendants, except any unpaid general and special taxes and special assessments in Oklahoma County, the mowing liens filed by the City of Oklahoma City, and/or special assessments given priority by law. Because Defendants the Successors of Rhonda W. Cathey, aka Rhonda Wynona Cathey-Wood, Tim Wood, Jr., and Jessica Wood have failed to respond to or defend this action in

any way, the Court finds that entry of a default judgment against these Defendants awarding the requested relief is appropriate.[2]

## CONCLUSION

Accordingly, Plaintiff's Motion for Default Judgment (Doc. No. 23) is GRANTED as set forth herein. A separate default and foreclosure judgment shall be entered.

IT IS SO ORDERED this 28th day of August, 2024.

*[signature: Charles B. Goodwin]*
CHARLES B. GOODWIN
United States District Judge

---

[2] The Motion states that the City of Oklahoma City, Oklahoma County Treasurer and Board of County Commissioners of Oklahoma County, have agreed to the entry of judgment. *See* Pl.'s Mot. Default J. at 2. The State of Oklahoma, ex rel. Oklahoma Tax Commission, filed a disclaimer stating that it disclaims having a lien for estate taxes upon the mortgaged premises. *See* Disclaimer (Doc. No. 14).